ETHEL THOMSEN, Respondent, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

Supreme Court, Appellate Term, Second Department, May 31, 1946.

*Marshall F. Denenholz* and *Leo D. Fitzgerald* for appellant.

*Irving I. Hartman* for respondent.

MEMORANDUM *Per Curiam.* From the record it is clear that the court misapprehended or misunderstood the question propounded by the jury after their deliberation had begun. That question was, "If we decide that a diseased condition contributed to the death shall we find for the plaintiff or for the defendant?" To this question the court replied and charged that if the accident contributed to the death they might find for the plaintiff. This was error for the double indemnity provision of the policy limited defendant's liability in the event of "death from accident * * * resulting solely from bodily injuries caused directly, exclusively and independently of all other causes * * * but does not include death resulting from or caused directly or indirectly by * * * disease or illness of any kind * * *." The jury should have been instructed that it was for them to say whether the deceased was suffering from a disease and whether that disease directly or indirectly caused the death of the assured, and if they found it did so cause the death, that the plaintiff could not recover.

The judgment should be unanimously reversed on the law and new trial granted, with $30 costs to defendant to abide the event, and order denying defendant's motion for judgment affirmed, without costs.

MACCRATE, MCCOOEY and STEINBRINK, JJ., concur.

Judgment reversed, etc.